UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HARWINDER SINGH,

Petitioner,

v.

TONYA ANDREWS, Administrator of
Golden State Annex; TODD LYONS,
Acting Director, Immigration and Customs
Enforcement, U.S. Department of Homeland
Security; KRISTI NOEM, Secretary, U.S.
Department of Homeland Security;
PAMELA BONDI, Attorney General of the
United States,

Respondents.

No.  1:26-cv-01222-KES-SKO (HC)

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS

Doc. 1

Petitioner Harwinder Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025)*; W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that

1

distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 6.
Respondents state that "[t]here appears to be no substantive distinction between this case and the
cases the Court cited in its minute order," and they reiterate arguments that the Court has already
addressed in its prior orders.[1]  Doc. 8 at 2.[2]

As respondents have not made any new legal arguments and have not identified any
factual or legal issues in this case that would distinguish it from the Court's prior decisions in
*Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal.
Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302
(E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL
3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK
(HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is
GRANTED as to claim two, for the reasons addressed in those prior orders.[3]

///

---

[1] The Court notes that petitioner is subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(1), as respondents argue.  *See* Doc. 8.  Petitioner's Form I-220A, Order of Release on Recognizance, confirms that petitioner was released in 2023 "in accordance with" 8 U.S.C. § 1226(a).  Doc. 1-3, Ex. B.  The Form I-220A establishes that immigration authorities released petitioner in 2023 on conditional parole pursuant to 8 U.S.C. § 1226(a), and he is therefore not "[a]n alien . . . who has not been admitted or paroled" for purposes of § 1225(b)(1).  *See* Doc. 1-3, Ex. B; 8 U.S.C. § 1226(a) (permitting the government to release a detainee on "bond" or "conditional parole").  Additionally, as someone who has been physically present for over two years, petitioner is not "an alien . . . who is arriving in the United States."  *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1012 (9th Cir. 2020).

[2] Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have lived in the United States for years without having been admitted.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)).  The Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more persuasive on the statutory interpretation issue.  In any event, the *Buenrostro-Mendez* decision did not address the due process claim at issue in the present case.

[3] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

2

Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    February 18, 2026

_____
UNITED STATES DISTRICT JUDGE